**No. 51928.**—Julius Kupersmith *v.* United States, petition 6540–R (New York).

EKWALL, Judge: In this petition for remission of additional duties the petitioner seeks to recover duties assessed under authority of section 489, Tariff Act of 1930, by reason of the fact that the final appraised value of the imported merchandise exceeded the value declared on entry. The merchandise consisted of two lots of fur pieces described on the invoice as raccoon tails, white cooney paws, electric seal gills, red fox tails and waste, red fox paws, and dyed lamb heads.

From the testimony it appears that during the latter part of July 1941, one Bernard Lipschutz, who was engaged in a joint venture with one Julius Kupersmith, made a trip to Canada during which time he purchased from J. Stein of Winnipeg, a quantity of unassorted fur pieces or cuttings for a total price of $359. These cuttings were the residue which had accumulated in the process of

manufacturing fur articles. Prior to exportation from Canada these fur cuttings were assorted and packed in bales, some of the pieces being thrown out during the process of assorting as worthless.

Mr. Lipschutz testified that he visited the furriers and fur dealers in Winnipeg during the latter part of July 1941, and was offered goods by them. As a result of these visits he had a fairly good idea of the market prices in Winnipeg and purchased this lot from Mr. Stein who had the largest parcels to offer. In order to save freight charges on goods that he would be obliged to segregate in New York, he sorted the goods in Winnipeg and discarded some that he considered worthless. He stated that the merchandise offered to him by the other furriers was substantially similar to that which he bought from Mr. Stein and that the prices quoted by the other furriers were all about the same as those at which he bought; that at the time of entry he had no knowledge of a value different from that at which he made entry and that in making entry as he did he was without intent to defraud the revenue of the United States.

It further appears that the importer, being dissatisfied with the values found by the appraiser for the merchandise upon its entry into the United States, filed an appeal for reappraisement which was decided adversely to his contention, the single judge holding that while the record appeared to establish all the elements of export value as defined by the statute (section 402 (d), Tariff Act of 1930) the evidence failed to establish the existence or absence of a foreign value, as defined in section 402 (c) of said act, or, if a foreign value existed, whether the same was equal to, or lower or higher than, the export value. This judgment was affirmed on review by a division of three.

The Government, at the trial of the instant case, called attention to a discrepancy in the invoice in that the name of the seller was stated to be Bernard Kupersmith, whereas in fact the merchandise was purchased from J. Stein. However, the evidence disclosed that the importer filed a replacement invoice, and we find nothing in the record to warrant a finding that this circumstance evidenced a lack of good faith on the part of the importer. Further, in view of the testimony of the Government examiner of this type of merchandise at the port of entry that had the fur cuttings been invoiced and entered in bulk, it would have been necessary under the statute to segregate the various kinds in order to arrive at the value of the merchandise, we can see no evidence of bad faith on the part of the importer in his action in segregating the different varieties while the goods were still in Canada.

Upon the entire record we hold that the entry of the merchandise at a less value than that found on final appraisement was without intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition is therefore granted.